**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————— x

KAYLA B. ZUCKER, an individual; on behalf
of herself and all others similarly situated,

                         Plaintiff,

        vs.

MARK E. GELFAND, DOSHI DIAGNOSTIC
IMAGING SERVICES, P.C., SIGNET
DIAGNOSTIC IMAGING N. FLORIDA and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25, BEING FICTITIOUS NAMES
OF UNIDENTIFIED PERSONS WHO
CONTROL THE POLICIES AND
PRACTICES INVOKED BY MARK E.
GELFAND, DOSHI DIAGNOSTIC IMAGING
SERVICES, P.C. and SIGNET DIAGNOSTIC
IMAGING N. FLORIDA,

                        Defendants.

———————————————————— x

CASE NO.

*original*

**CV 13 2674**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT
AND THE FLORIDA CONSUMER
COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

SEYBERT, J

## I. PRELIMINARY STATEMENT

1.    Plaintiff, KAYLA B. ZUCKER, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.    The Plaintiff alleges that the collection practices invoked by the Defendants violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. §§ 559 *et seq.*

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6.     The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive and other repugnant practices for the purpose of collecting a consumer debt.

7.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, the FCCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory damages, common law, punitive and/or actual damages payable by the Defendants.

8.     This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of a transaction are primarily for personal, family, or household purposes. As such, this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by Fla. Stat. § 559.55(1).

## II. PARTIES

9.     Plaintiff is a natural person.

10.    At all times relevant to this Complaint, Plaintiff was a citizen of, and resided in, Nassau County, New York.

11.    At all times relevant to this Complaint, Defendant Mark E. Gelfand (hereinafter "Defendant Gelfand") is an attorney duly admitted to practice law in the State of New York. According to records maintain by the New York State Office of Court Administration the Defendant Gelfand maintains his law office located at 560 South Broadway, Hicksville, New

York.

12.     According to the records maintained by the New York State Office of Court Administration the Defendant Gelfand maintains a telephone number as 516-937-2222.

13.     Upon information and belief the Defendant Gelfand maintains an email address designated as "pleabrgn@gmail.com".

14.     The Defendant Doshi Diagnostic Imaging Services, P.C. is a corporation existing pursuant to the laws of the State of New York and maintains a principle place of business located at 560 South Broadway, Hicksville, New York 11801.

15.     The Defendant DDIS is engaged in the business of providing medical radiology services to the general public.

16.     The Defendant Signet Diagnostic Imaging N. Florida ("SDINF") is, upon information and belief, a health care business entity located within the State of Florida.

17.     Upon information and belief the Defendant SDINF is a subsidiary of the Defendant DDIS and is under the direct control and supervision of the Defendant DDIS.

18.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this Complaint by inserting the true names and capacities of these DOE Defendants

once they are ascertained.

19.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by the Defendants, as described more particularly below, and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

20.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

21.     Supplemental jurisdiction for Plaintiff's state law clams arises under 28 U.S.C. §1391(b).

22.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING THE DEBT
### COLLECTION SCHEME INVOKED
### BY THE DEFENDANTS

23.     The Defendants concocted a scheme whereby they attempted to circumvent

the mandates of the FDCPA and the FCCPA in conjunction with attempts to collect alleged debts

owed to the Defendant SDNIF, the Defendant DDIS and other subsidiaries of the Defendant

DDIS who are under the control and supervision of the Defendant DDIS.

24.     The FDCPA and FCCPA each apply only to persons or entities who are acting as

a "debt collector."

25.     Pursuant to the FDCPA and the FCCPA a "debt collector" is defined as "Any

person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of debts, or who regularly collects, or attempts to

collect, directly or indirectly, debts owed or due asserted to be owed or due another."

26.     The FDCPA and FCCPA expressly exempts from the definition of "debt

collector" "any officer or employee of a creditor while, in the name of the creditor, collecting

debts for the creditor."

27.     The "officer or employee" exemption in both the FDCPA and the FCCPA each

require that an officer or employee actually undertake overt acts to attempt to collect specific

debts. The respective FDCPA and FCCPA exceptions do not contemplate any scenario other than an officer or employee of a creditor actively involved in the attempt to collect specific debts for the creditor for whom the officer or employee is working.

28.     The "officer or employee" exemptions are not to be used to convey the false, deceptive and misleading impression that an officer or employee of a creditor is engaged in the collection of a debt when such officer or employee is not so engaged and otherwise has no knowledge of a consumer or the particulars of the debt which a creditor is attempting to collect.

29.     The Defendants' scheme is based upon the attempt to exploit the "officer or employee" of a creditor exemptions to the FDCPA and the FCCPA.

30.     In conjunction with the scheme invoked by the Defendants the Defendant Gelfand drafted a form collection letter which has the following set forth at the top: "MARK E. GELFAND, ESQ.    EXECUTIVE VICE-PRESIDENT AND GENERAL COUNSEL."

31.     The letterhead is designed to convey to the least sophisticated consumer that the letter comes from the Defendant Gelfand in his alleged capacity of Executive Vice President and General Counsel for the Defendant SDINF when, upon information and belief, the letter was sent by presently unknown persons employed by the Defendant DDSI.

32.     The first line of the body of the letter reads as follows: "Kindly be advised that I am an attorney and Executive Vice-President of the collection department for the above referenced radiological provider." This statement is set forth to falsely imply that the Defendant

Gelfand has personal knowledge regarding the Plaintiff and the debt which she allegedly owes, that the Defendant Gelfand has personally generated the letter from his law office located at the address set forth on the bottom of the letter and that the Defendant Gelfand is personally sending the letter to the Plaintiff. None of these representations are true.

33.   The last portion of the letter sets forth "Sincerely, Mark E. Gelfand, Esq.  560 South Broadway, Hicksville, NY  11801."

34.   The letterhead set forth in the letter, coupled with the verbage of the letter, coupled with the signature of the letter conveys the impression to the least sophisticated consumer that the letter comes from Defendant Gelfand at his law office located at 560 Broadway, Hicksville, New York. The impression is false, deceptive and misleading as the letter, upon information and belief, was actually sent by unknown persons employed by the Defendant DDIS without any knowledge of the Defendant Gelfand.

35.   The Defendant Gelfand did not meaningfully review any of the documents concerning the medical services provided to the Plaintiff nor did he review any payment information concerning the medical services, such as prior insurance payments or prior payment made by any person and/or entity whatsoever, nor did he review the letter which was sent in his name to the Plaintiff.

36.   The reason why the Defendants sent the subject letter was to dupe consumers into believing that an attorney was attempting to collect alleged debts thereby implying a new level of seriousness to the alleged debts and otherwise implying that legal action was now possible if

-8-

payment was not tendered as demanded.

37.     Ordinarily creditors are not subject to the mandates of the FDCPA and the FCCPA . However, a creditor will be subject to the mandates of the FDCPA and the FCCPA when, in the process of collecting its own debts, the creditor uses any name other than its own which would indicate that a third person is collecting or attempting to collect a debt.

38.     The Defendants SDINF and DDIS, in the process of collecting the alleged debt supposedly owed by the Plaintiff, used the name of the Defendant Gelfand which falsely indicated that a third person (i.e. the Defendant Gelfand) was attempting to collect the alleged debt owed by the Plaintiff.

39.     A person may violate the FDCPA by furnishing a form knowing that it will be used by a debt collector to deceive consumers.

40.     The Defendant Gelfand knowingly designed, provided and furnished the form collection letter which was sent to the Plaintiff with knowledge that it would deceive the Plaintiff, and other consumers, into believing that the letter came from him, in his capacity as an attorney, and that it was sent by him from his law office.

41.     The FCCPA prohibits communication with a debtor under the guise of an attorney or by using the stationary of an attorney or forms or instruments which only attorneys are authorized to be prepare.

42.     The Defendants DDSI communicated with the Plaintiff under the guise of the Defendant Gelfand by using the stationary of the Defendant Gelfand which only the Defendant Gelfand was authorized to prepare.

## V.  FACTS CONCERNING PLAINTIFF

43.     The Plaintiff is alleged to be indebted in the amount of $20.00 (twenty dollars) to the Defendant SDINF for alleged medical services rendered.

44.     This alleged obligation is a "debt" as defined in both the FDCPA and the FCCPA.

45.     The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by the FDCPA and a "consumer" or "debtor" as defined by the FCCPA.

46.     The Plaintiff received a collection letter dated 02/04/13 of the type which is described heretofore herein, i.e. the form collection letter which was sent by the Defendant DDIS which falsely implies that it was sent by the Defendant Gelfand. A copy of said letter is attached hereto as Exhibit "A".

## VI.  POLICIES AND PRACTICES COMPLAINED OF

47.     It is Defendants' policy and practice to:

a) Send debt collection letters to consumers which contain false, deceptive and misleading statements and;

b) Send debt collection letters under the letterhead and signature of the Defendant Gelfand in order to falsely deceive consumers and other persons into believing that an attorney at law was actively participating in attempts to collect alleged debts when, in fact, no such attorney participation occurred as of the debt said letters were sent.

c) Send debt collection letters under the guise of an attorney and by using the stationary of an attorney which only that attorney was authorized to be prepare.

## VII.  CLASS ALLEGATIONS

48.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.     This claim is brought on behalf of two Plaintiff Classes, consisting of the following classes:

(a)     all persons, with addresses in the State of New York, who received a collection letter identical in form to the collection letter attached as Exhibit "A" hereto;

(b)     all persons, with addresses in the State of Florida, who received a collection letter identical in form to the collection letter attached as Exhibit "A" hereto;

50.     The identities of all class members are readily ascertainable from the records of

the Defendants.

51.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52.     There are questions of law and fact common to each of the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants use false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts.

53.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

55.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

-12-

(a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that each of the Plaintiff Classes defined above are so numerous that joinder of all members in each class would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the two Classes and those questions predominate over any questions or issues involving only individual class members.

   (i)   With respect to the New York class the principal issues are whether the Defendants used false, deceptive and/or misleading debt collections practices during attempts to collect alleged personal debts, including, but not limited to, sending letters which falsely imply that an attorney drafted and sent said letters after engaging in a meaningful review of the files relevant to alleged debts.

   (ii)   With respect to the Florida class the principal issues are whether the Defendants used false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts and whether the Defendants communicated with members of the class under the guise of an attorney by using the stationary of an attorney or forms or instruments which only attorneys are authorized to use.

(d)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of each of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(e)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members of each class insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously

litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(f)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

56.     Certification of each class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of each class predominate over any questions affecting an individual member of each class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Prroedure is also appropriate in that the Plaintiff and the Florida class are entitled to injunctive relief for the Defendants violations of the FCCPA and any monetary relief under the FCCPA would be merely indicental to that injunctive relief.

## VIII.  FIRST CAUSE OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

58.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

59.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to,:

a)  15 U.S.C. § 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendants in regard to the attempts to collect alleged personal debts;

b)  15 U.S.C. § 1692(j)(a) by furnishing form letters knowing that said letters would b used by a debt collector to deceive consumers.

60.     The Defendants DDIS and SDINF are each subject to the mandates of the FDCPA pursuant to 15 U.S.C. § 1692a(6) as, in the process of collecting their own debts, said Defendants used the name of the Defendant Gelfand which falsely indicated that the Defendant Gelfand was collecting or attempting to collect debts alleged to be owed to the Defendants DDIS and/or SDINF.

**IX.  SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

61.     Plaintiff realleges and incorporates by reference the allegations in the preceding

-15-

paragraphs of this Complaint.

62.     Defendants violated the FCCPA. Defendants' violations include, but are not limited to, willfully communicating with debtors under the guise of an attorney by using the stationary of an attorney or forms or instruments which only attorneys are authorized to use in violation of Fla. Stat. § 559.72(11).

63.     The Defendants DDIS and SDINF are each subject to the mandates of the FCCPA pursuant to Fla Stat. § 559.55(6) as, in the process of collecting their own debts, said Defendants used the name of the Defendant Gelfand which falsely indicated that the Defendant Gelfand was collecting or attempting to collect debts alleged to be owed to the Defendant SDINF.

## VIII.  PRAYER FOR RELIEF

64.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

A.      **For the FIRST CAUSE OF ACTION**:

    (i)      An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

    (ii)     An award of the maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(B);

    (iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION:**

(i)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Fla. Stat. § 559.77(2) and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for the Plaintiff and the Florida class pursuant to Fla. Stat. § 559.77(2);

(iii)    For an award of equitable releif for the Plaintiff and the Florida class pursuant to Fla. Stat. § 559.77(2), including enjoining the Defendants from committing further violations of the Fla. Stat. § 559.72(2) and 559.72(8).

(iv)    For a finding that the Defendants violations of Fla. Stat. § 559.72(2) and 559.72(8) were wanton, malicious, gross and outrageous to such an extent that the measured compensation to the Plaintiff and the Florida class should have an additional amount added to it by way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at the time of trial.

(v)    Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2);

(vi)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

-17-

DATED:      New York, New York
            April 25, 2013

                                    / s /   *Robert L. Arleo*
                                    ROBERT L. ARLEO, ESQ. (RA-7506)
                                    380 Lexington Avenue, 17th Fl.
                                    New York, New York  10168
                                    Telephone:  (518) 551-1115
                                    Facsimile:  (518) 751-1801

                                    *Attorney for Plaintiff, Kayla B. Zucker, and all*
                                    *others similarly situated*

-18-

$Ex - A$

MARK E. GELFAND, ESQ.
EXECUTIVE VICE-PRESIDENT AND GENERAL COUNSEL

02/04/13
PERSONAL AND CONFIDENTIAL


KAYLA B ZUCKER
2067 WHALEN AVE
MERRICK, NY 11566

RE: KAYLA B ZUCKER
PROVIDER: SIGNET DIAGNOSTIC IMAGING N. FLORIDA
ACCOUNT #:434593
AMOUNT DUE: $20.00

Dear Patient,

Kindly be advised that I am an attorney and Executive Vice-President
of the collection department for the above referenced radiological
provider. Your above account with us is past due. Unless you, within
twenty (20) days after receipt of this letter, dispute the validity
of the above debt due, or any portion thereof, the debt will be
assumed to be valid by the provider. AS SUCH, THIS IS AN ATTEMPT BY,
AND IN THE NAME OF, THE ABOVE REFERENCED PROVIDER TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE (TO
EFFECT COLLECTION OF THE DEBT).

Despite this demand, you have the right to dispute the provider's
claim. However, unless you notify us, in writing, within twenty (20)
days after receipt of this letter that the debt, or any portion
thereof, is disputed we will obtain verification of the debt or a
copy of the judgement against you, if any, and a copy of such
verification will be mailed to you. Also, upon your written request
within twenty (20) days, we will provide you with the name and
address of the original provider if different from the current
provider.

Please be reminded that your balance due can be paid by phone using
Master Card, Visa, American Express or Discover. If paying by check,
kindly make the check payable to: Signet Diagnostic Imaging and mail
it to our corporate headquarters at the address listed below. If
necessary, payment arrangements options are available. If you have
any questions or problems, please contact one of our representatives
at (904)425-5412 or visit www.signetdiagnostic.com. If payment has
already been made, please disregard this letter and accept our
thanks for the payment.

Sincerely,

Mark E. Gelfand, Esq.

560 South Broadway, Hicksville, NY 11801 (904)425-5412