**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

KAYLA B. ZUCKER, an individual; on behalf of herself and all others similarly situated,

                    Plaintiff,

      vs.

PORTECK GLOBAL SERVICES, INC. a/k/a PORTECK GLOBAL SERVICE, INC. a/k/a ALL PURPOSE SERVICES INC. d/b/a PORTECK GLOBAL SERVICES, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, BEING FICTITIOUS NAMES OF UNIDENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY PORTECK GLOBAL SERVICES, INC. a/k/a PORTECK GLOBAL SERVICE, INC., a/k/a ALL PURPOSE SERVICES INC. d/b/a PORTECK GLOBAL SERVICES and ARVIND WALIA,

                    Defendants

---------------------------------------------------------------x

CASE NO. 13CV2674 (JS)(AKT)

**CLASS ACTION**

AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, KAYLA B. ZUCKER, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the collection practices invoked by the Defendants

violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees and costs pursuant to the FDCPA.

## II. PARTIES

7. Plaintiff is a natural person.

8. At all times relevant to this Amended Complaint, Plaintiff was a citizen of, and resided in, Nassau County, New York.

9. The Defendant Porteck Global Services Inc. a/ka/ Porteck Global Service, Inc. a/k/a All Purpose Services, Inc. d/b/a Porteck Global Services (hereinafter "PGS") is a corporation existing pursuant to the laws of the State of New York and maintains a principle place of business located at 300 Jericho Quadrangle, Suite 320, Jericho, New York.

10. The Defendant PGS is engaged in the health care business including offering collection services to health care providers in conjunction with monies owed and alleged to be owed by consumers pursuant to medical services rendered and alleged to have been rendered.

11. The Defendant PGS is a "debt collector" as defined in the FDCPA in that it uses the mails to regularly collect, and attempt to collect, debts owed or due or asserted to be owed to medical providers.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this Amended Complaint by inserting the true names and capacities of these DOE

Defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant PGS that are the subject of this Amended Complaint. Those Doe Defendants 1-50 personally control the illegal acts, policies, and practices utilized by the Defendant PGS, as described more particularly below, and, therefore, are personally liable for all of the wrongdoing alleged in this Amended Complaint.

14. The Defendant Arvind Walia is a natural person residing in Nassau County, New York. The Defendant Walia is the founder and Chief Operating Officer of the Defendant PGS and, in conjunction therewith, personally controls the policies and practices invoked by the Defendant PGS which led to the violations of the FDCPA as set forth in the herein Amended Complaint.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS

17.     On October 1, 2009 the Defendant PGS entered into a "Billing Agreement" (hereinafter "the BA") with an entity doing business as Diagnostic Imaging Group. LLC (hereinafter "DIG"). A copy of said BA is attached hereto as Exhibit "A".

18.     Pursuant to paragraph "4" of the BA the Defendant PGS was to perform "…billing and collection services…." for DIG.

19.     The Plaintiff did receive an MRI in one of the Florida offices maintained by an entity doing business as Signet Diagnostic Imaging North Florida (hereinafter "SDINF".)

20.     The Plaintiff is alleged to be indebted in the amount of $20.00 (twenty dollars) to SDINF for the medical services described in paragraph 19 heretofore herein.

21.     This alleged obligation is a "debt" as defined in the FDCPA in that it was incurred by the Plaintiff for personal purposes.

22.     The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by the FDCPA in that the Plaintiff was alleged by the Defendant PGS to owe a debt to

SDINF .

23. The Plaintiff received a collection letter dated 02/04/13 which was sent by the Defendant PGS which falsely implies that it was sent by an attorney, Mark Gelfand. A copy of said letter is attached hereto as Exhibit "B".

24. The debt which was alleged to be owed by the Defendant was in default as of the date set forth in the form letter which is the subject of the herein action.

25. The letterhead is designed to convey to the least sophisticated consumer that the letter was sent by the Defendant Gelfand in his alleged capacity of Executive Vice President and General Counsel for SDINF when, in fact, the letter was sent by the Defendant PGS.

26. The first line of the body of the letter reads as follows: "Kindly be advised that I am an attorney and Executive Vice-President of the collection department for the above referenced radiological provider." This statement is set forth to falsely imply that an attorney, Mark Gelfand has personal knowledge regarding the Plaintiff and the debt which she allegedly owes to SDINF, that an attorney, Mark Gelfand, has personally generated the letter from his law office located at the address set forth on the bottom of the letter and that an attorney, Mark Gelfand, is personally sending the letter to the Plaintiff.

27. The statements contained in the letter, as reiterated in paragraph 26 heretofore herein, are false deceptive and misleading in that the statements are written as if an attorney, Mark Gelfand, wrote the letter and, importantly, falsely implies that an attorney, Mark Gelfand,

made the determination to send the letter when, in fact, it was the Defendant PGS who makes the determination as to who the form letter is sent and when said letter is sent.

28. The last portion of the letter sets forth "Sincerely, Mark E. Gelfand, Esq. 560 South Broadway, Hicksville, NY   11801."

29. The letterhead set forth in the letter, coupled with the verbage of the letter, together with the signature of an attorney, Mark Gelfand, conveys the impression to the least sophisticated consumer that the letter comes from attorney Mark Gelfand in the practical sense and that the letter was sent from his law office located at 560 Broadway, Hicksville, New York. The impression is false, deceptive and misleading as the letter was actually sent by the Defendant PGS.

30. The attorney Mark Gelfand did not meaningfully review any of the documents concerning the medical services provided to the Plaintiff nor did he review any payment information concerning the medical services, such as prior insurance payments or prior payment made by any person and/or entity whatsoever, nor did he review the letter which was sent in his name to the Plaintiff.

31. The reason why the Defendant PGS sent the subject letter was to dupe consumers into believing that an attorney was attempting to collect alleged debts thereby implying a new level of seriousness to the alleged debts and otherwise implying that legal action was now possible if payment was not tendered as demanded.

32. The Defendant PGS used the name of the attorney Mark Gelfand to falsely indicate that a third person (i.e. an attorney, Mark Gelfand) was attempting to collect the alleged debt owed by the Plaintiff.

33. The Defendant PGS knowingly sent the collection letter to the Plaintiff with knowledge that it would deceive the Plaintiff, and other consumers, into believing that the letter came from an attorney, Mark Gelfand, in his capacity as an attorney, and that it was personally sent by an attorney, Mark Gelfand, when, in fact, the letter was sent by the Defendant PGS.

34. Pursuant to 15 U.S.C. § 1692g a debt collector, in an intial communication sent to a consumer in an attempt to collect a debt, must include a statement that a consumer has 30 days from receipt of the letter in which to dispute the debt and that, if the consumer sends a writing to the debt collector disputing the debt within that 30 day time period, the debt collector will send verification of the alleged debt to the consumer.

35. Nowhere in the letter which is the subject of the herein are the 30 day debt dispute/verification rights correctly set forth.

## V. POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to:
   a) Send debt collection letters to consumers which contain false, deceptive and misleading statements and;

> b) Send debt collection letters under the letterhead and signature of an attorney, Mark Gelfand, in order to falsely deceive consumers and other persons into believing that an attorney at law was actively participating in attempts to collect alleged debts when, in fact, no such attorney participation occurred as of the debt said letters were sent;
>
> c) Send debt collection letters under the guise of an attorney and by using the stationary of an attorney which only that attorney was authorized to be prepare;
>
> d) Send initial debt collection letters to consumers which fail to adequately set forth the 30 day debt dispute/verification rights required by 15 U.S.C. § 1692g.

## VI. CLASS ALLEGATIONS

37. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. This claim is brought on behalf of a Class consisting of all persons with addresses in the United States who received a collection letter identical in form to the collection letter attached as Exhibit "B" hereto.

39. The identities of all class members are set forth on written lists as previously

provided to the Plaintiff during the course of the litigation of the above-entitled action.

40. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants used false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts and concern the failure of the Defendants to properly advise consumers of the 30 day debt dispute/verification rights accorded by 15 U.S.C. § 1692g.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Amended Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Class defined above is so numerous that joinder of all members in the class would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants used false, deceptive and/or misleading debt collections practices during attempts to collect alleged personal debts, including, but not limited to, sending letters which falsely imply that an attorney drafted and sent said letters after engaging in a meaningful review of the files relevant to alleged debts.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to the members of the class predominate over any questions affecting an individual member of each class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

46.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Amended Complaint.

47.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to:

a) The Defendants violated 15 U.S.C. § 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendants in regard to the attempts to collect alleged personal debts. These practices are "material" in that said practices

affects a consumers decision and/or ability to pay and/or challenge a debt;

b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by sending debt collection communications which falsely represent the character and legal status of an alleged debt;

c) The Defendants violated 15 U.S.C. § 1692e(3) by falsely representing and implying that a communication comes from an attorney;

d) The Defendants violated 15 U.S.C. § 1692e(9) by sending debt collection communications which create a false impression as to its source, authorization and approval;

e) The Defendants violated 15 U.S.C. § 1692e(14) by using a name other than the true name of a debt collector's business or company.

f) The Defendants violated 15 U.S.C. § 1692g by failing to advise consumers of their right to dispute and/or request verification of alleged debts.

## VIII.  PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   New York, New York
December 17, 2013

/ s / *Robert L. Arleo*
ROBERT L. ARLEO, ESQ. (RA-7506)
380 Lexington Avenue, 17th Fl.
New York, New York  10168
Telephone:  (518) 551-1115
Facsimile:   (518) 751-1801

*Attorney for Plaintiff, Kayla B. Zucker, and all others similarly situated*

Case 2:13-cv-02674-JS-AKT   Document 41   Filed 12/19/13   Page 15 of 15 PageID #: 377

-15-