UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Case No.: 13-CV-02674
KAYLA B. ZUCKER, an individual; on behalf of                              (JS) (AKT)
herself and all others similarly situated,

                                      Plaintiff,

      -against-

PORTECK GLOBAL SERVICES, INC. a/k/a          ANSWER TO
PORTECK GLOBAL SERVICE, INC. a/k/a          AMENDED COMPLAINT
ALL PURPOSE SERVICES INC. d/b/a
PORTECK GLOBAL SERVICES, JOHN AND
JANE DOES NUMBERS 1 THROUGH 50,
BEING FICTITIOUS NAMES OF
UNIDENTIFIED PERSONS WHO CONTROL
THE POLICIES AND PRACTICES INVOKED
BY PORTECK GLOBAL SERVICES, INC. a/k/a
PORTECK GLOBAL SERVICE, INC. a/k/a
ALL PURPOSE SERVICES INC. d/b/a
PORTECK GLOBAL SERVICES and
ARVIND WALIA,

                                  Defendants.
-------------------------------------------------------------X

        The defendants PORTECK GLOBAL SERVICES, INC. a/k/a PORTECK GLOBAL SERVICE, INC. a/k/a ALL PURPOSE SERVICES INC. d/b/a PORTECK GLOBAL SERVICES, and ARVIND WALIA, by their attorney, Michael A. Markowitz, P.C., as and for their answer to the amended complaint, sets forth the following:

## I. PRELIMINARY STATEMENT

1. The defendants deny the allegations set forth in paragraph "1" in the Amended Complaint and refer all questions of law and legal conclusions to the Court.

2. The defendants deny the allegations set forth in paragraph "2" in the Amended Complaint and refer all questions of law and legal conclusions to the Court.

3. The defendants allege that the statements set forth in paragraph "3" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

4. The defendants allege that the statements set forth in paragraph "4" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

5. The defendants allege that the statements set forth in paragraph "5" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

6. The defendants allege that the statements set forth in paragraph "6" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of fact to the pleadings.

## II. PARTIES

7. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 7 in the Amended Complaint.

8. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 8 in the Amended Complaint.

9. The defendants admit to the allegations set forth in paragraph 9 in the Amended Complaint.

10. The defendants deny the allegations set forth in paragraph 10 in the Amended Complaint.

11. The defendants deny the allegations set forth in paragraph "11" in the Amended Complaint and refer all questions of law and legal conclusions to the Court.

12. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 12 in the Amended Complaint.

13. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 13 in the Amended Complaint and refers all questions of law and legal conclusions to the Court.

14. The defendants admit that ARVIND WALIA is a natural person residing in Nassau County, New York, but denies the remaining allegations set forth in paragraph "14" in the Amended Complaint and refers all questions of law and legal conclusions to the Court.

### III. JURISDICTION & VENUE

15. The defendants allege that the statements set forth in paragraph "15" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

16. The defendants allege that the statements set forth in paragraph "16" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

IV. FACTS

17. The defendants admit to the allegations set forth in paragraph "17" in the Amended Complaint.

18. The defendants deny the allegations set forth in paragraph "18" in the Amended Complaint and refer to the language in the Billing Agreement.

19. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 19 in the Amended Complaint.

20. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 20 in the Amended Complaint.

21. The defendants allege that the statements set forth in paragraph "21" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

22. The defendants allege that the statements set forth in paragraph "22" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

23. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation that Plaintiff received a collection letter dated 02/04/13, and deny the remaining allegations set forth in paragraph 23 in the Amended Complaint.

24. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 24 in the Amended Complaint.

25. The defendants deny the allegation that it sent the letter, and allege that the remaining statements set forth in paragraph "25" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

26. The defendants allege that the statements set forth in paragraph "26" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

27. The defendants deny that it wrote the letter and makes the determination as to when and how the letter is sent, and alleges that the remaining statements set forth in paragraph "27" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

28. The defendants deny the allegations set forth in paragraph "28" in the Amended Complaint, but admits that the last portion of the letter sets forth, "Sincerely, Mark E. Gelfand, Esq. 560 South Broadway, Hicksville, NY 11801 (904) 425-5412."

29. The defendants allege that the statements set forth in paragraph "29" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

30. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 30 in the Amended Complaint.

31. The defendants deny that it sent the letter, and alleges that the remaining statements set forth in paragraph "31" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

32. The defendants deny that it used the name "Mark Gelfand", and alleges that the remaining statements set forth in paragraph "32" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

33. The defendants deny sending the letter to the Plaintiff, and alleges that the remaining statements set forth in paragraph "33" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

34. The defendants allege that the statements set forth in paragraph "34" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

35. The defendants deny the allegation set forth in paragraph "35" in the Amended Complaint and refer to the language set forth in the attached letter.

## V. POLICIES AND PRACTICES COMPLAINED OF

36. The defendants deny the allegations set forth in paragraph "36" in the Amended Complaint.

## VI. CLASS ALLEGATIONS

37. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph "37" in the Amended Complaint.

38. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph "38" in the Amended Complaint.

39. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph "39" in the Amended Complaint.

40. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph "40" in the Amended Complaint.

41. The defendants allege that the statements set forth in paragraph "41" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

42. The defendants allege that the statements set forth in paragraph "42" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

43. The defendants lack knowledge or information sufficient to form a belief about the truth of an allegation set forth in paragraph 43 in the Amended Complaint.

44. The defendants allege that the statements set forth in paragraph "44" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

45. The defendants allege that the statements set forth in paragraph "45" in the Amended Complaint is not a transaction or occurrence pursuant to Rule 10 of the FRCP and refer all questions of law and legal conclusions to the Court.

## VII. FIRST CAUSE OF ACTION

46. The defendants realleges and incorporates by reference the allegations in the preceding paragraphs of this Answer to the Amended Complaint.

47. The defendants deny the allegations set forth in paragraph "47" in the Amended Complaint.

## VIII. PRAYER FOR RELIEF

48. The defendants deny the allegations set forth in paragraph "48" in the Amended Complaint.

## IX. JURY DEMAND

49. The defendants demand that this case be tried before a Jury.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The Amended Complaint, in whole or in part, fails to state a cause of action against the defendant PORTECK GLOBAL SERVICES, INC. a/k/a PORTECK GLOBAL SERVICE, INC. a/k/a ALL PURPOSE SERVICES INC. d/b/a PORTECK GLOBAL SERVICES.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. The Amended Complaint, in whole or in part, fails to state a cause of action the defendant ARVIND WALIA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. The individual Mark E. Gelfand, Esq., and the entity, Signet Diagnostic Imaging, has not been joined in this action and are parties that must be joined under Rule 19 of the FRCP in that they are the named individual and entity in the letter allegedly sent to the plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. The defendants are not "debt collectors" as defined by the Federal Debt Collection Practices Act (FDCPA).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. There is no contractual agreement or contractual privity between the defendants and the individual and entity that sent the purported letter to the plaintiff.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. The letter attached to the complaint is not false, misleading or deceptive and does not create the impression of a third party collecting the debt.

WHEREFORE, the defendants PORTECK GLOBAL SERVICES, INC. a/k/a PORTECK GLOBAL SERVICE, INC. a/k/a ALL PURPOSE SERVICES INC. d/b/a PORTECK GLOBAL SERVICES, and ARVIND WALIA demand judgment dismissing the Complaint, attorney fees pursuant to 15 USC 1692k(a)(3), together with the costs and disbursements of this action.

Dated: Nassau, NY
February 18, 2014

Michael A. Markowitz, P.C.
Attorney for Defendants

Michael A. Markowitz, Esq. (MM-5908)
1553 Broadway
Hewlett, NY  11557
(516) 295-9061

To:
Robert L. Arleo, Esq.
Attorney for Plaintiff
380 Lexington Avenue, 17th Fl
New York, NY  10168
(212) 551-1115