UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x
MAUREEN M. MALONEY, an individual; on behalf of herself and all others similarly situated,

                      Plaintiff,

vs.

MARK E. GELFAND, STEVEN MEDINA, PORTECK CORPORATION, ARVIND WALIA and MELODIE KRALJEV,

                      Defendants.
---------------------------------------x

CASE NO. 13-CV2674 (JS)(AKT)

**CLASS ACTION**

**SECOND AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

## I.    PRELIMINARY STATEMENT

1. Plaintiff, MAUREEN M. MALONEY, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the collection practices invoked by the Defendants violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. §§ 559 *et seq.* and the Florida Deceptive

and Unfair Trade Practices Act ("FDUTPA") Fla. Stat. § 501.201 *et seq*.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6. The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive and other repugnant practices for the purpose of collecting a

consumer debt.

7. The FDUTPA declares unlawful any unfair acts or practices in the conduct of any trade of commerce.

8. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, the FCCPA and the FDUTPA. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory damages, common law, punitive and/or actual damages payable by the Defendants.

9. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of a transaction are primarily for personal, family, or household purposes. As such, this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by the FDCPA and the FCCPA.

## II.  PARTIES

10. Plaintiff is a natural person.

11. At all times relevant to this Complaint, Plaintiff was a citizen of, and resided in, Duval County, Florida.

12. At all times relevant to this Complaint, Defendant Mark E. Gelfand (hereinafter "Defendant Gelfand") is an attorney duly admitted to practice law in the State of New York. According to records maintain by the New York State Office of Court Administration the Defendant Gelfand maintains his law office located at 560 South Broadway, Hicksville, New York.

13. According to the records maintained by the New York State Office of Court Administration the Defendant Gelfand maintains a telephone number as 516-937-2222.

14. Upon information and belief the Defendant Gelfand maintains an email address designated as "pleabrgn@gmail.com".

15. At all times relevant to this Complaint, Defendant Steven Medina (hereinafter "Defendant Medina") is an attorney duly admitted to practice law in the State of New York. According to records maintain by the New York State Office of Court Administration the Defendant Gelfand maintains his law office located at 1078 Westminster Avenue, Dix Hills, New York.

16. According to the records maintained by the New York State Office of Court Administration the Defendant Medina maintains a telephone number as 631-595-9418.

17. Both the Defendant Gelfand and the Defendant Medina personally implted the debt collection polices and practices complained of herein and, thus, are each personally liable for

the violations of law set forth herein.

18. The Defendant Porteck Corporation (hereinafter "PC") is a corporation existing pursuant to the laws of the State of New York and maintains a principle place of business located at 300 Jericho Quadrangle, Suite 320, Jericho, New York.

19. The Defendant PC is engaged in the health care business including offering collection services to health care providers in conjunction with monies owed and alleged to be owed by consumers pursuant to medical services rendered and alleged to have been rendered.

20. The Defendant PC is a "debt collector" in that it uses the mails to regularly collects and attempt to collect debts owed or due or asserted to be owed to medical providers.

21. The Defendant Arvind Walia is a natural person residing in Nassau County, New York. The Defendant Walia is the founder and Chief Operating Officer of the Defendant PC and, in conjunction therewith, personally controls the policies and practices invoked by the Defendant PC which led to the violations of the FDCPA, the FCCPA and the FDUTPAas set forth in the herein Second Amended Complaint. In conjunction therewith the Defendant Walia personally condoned, with knowledge, and participated in the wrongful sending of the subject debt collection letters as explained more fully below.

22. The Defendant Melodie Kraljev is a natural person residing in Queens County, New York. The Defendant Kraljev is employed as the Operations Manager of PC and, in conjunction

therewith, personally controls the policies and practices invoked by the Defendant PC which led to the violations of the FDCPA, the FCCPA and the FDUTPA as set forth in the herein Second Amended Complaint. In conjunction therewith the Defendant Kraljev personally condoned, with knowledge, and participated in the wrongful sending of the subject debt collection letters as explained more fully below.

### III.  JURISDICTION & VENUE

23.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

24.     Supplemental jurisdiction for Plaintiff's state law clams arises under 28 U.S.C. §1391(b).

25.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING THE DEBT COLLECTION SCHEME INVOKED BY THE DEFENDANTS

26. The Defendants concocted a scheme whereby they attempted to circumvent the mandates of the FDCPA, the FCCPA and the FDUTPA in conjunction with attempts to collect alleged debts owed to medical entities doing business as Signet Diagnostic Imaging N. Fla. (DDINF) and Doshi Diagnostic Imaging Services (DDIS)

27. The FDCPA and FCCPA each apply only to persons or entities who are acting as a "debt collector."

28. Pursuant to the FDCPA and the FCCPA a "debt collector" is defined as "Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects, or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another."

29. In conjunction with the scheme invoked by the Defendants the Defendant Medina drafted a form collection letter which has the following set forth at the top: "MARK E. GELFAND, ESQ.    EXECUTIVE VICE-PRESIDENT AND GENERAL COUNSEL."

30. The letterhead is designed to convey to the least sophisticated consumer that the letter comes from the Defendant Gelfand in his alleged capacity of Executive Vice President and General Counsel for the Defendant SDINF when the letter was sent by the Defendant PC.

31. After the letter was designed by the Defendant Medina it was circulated to a group of persons including the Defendants Gelfand, Walia and Kraljev. With knowledge that the letter was designed to falsely convey the impression that it was sent directly by a duly admitted attorney

-7-

at law each Defendant participated in the wrongful creation of said letter and the sending thereof.

32. The first line of the body of the letter reads as follows: "Kindly be advised that I am an attorney and Executive Vice-President of the collection department for the above referenced radiological provider." This statement is set forth to falsely imply that the Defendant Gelfand has personal knowledge regarding the Plaintiff and the debt which she allegedly owes, that the Defendant Gelfand has personally generated the letter from his law office located at the address set forth on the bottom of the letter and that the Defendant Gelfand is personally sending the letter to the Plaintiff. None of these representations are true as the letter was actually sent by PC.

33. The last portion of the letter sets forth "Sincerely, Mark E. Gelfand, Esq.  560 South Broadway, Hicksville, NY   11801."

34. The letterhead set forth in the letter, coupled with the verbage of the letter, coupled with the signature of the letter conveys the impression to the least sophisticated consumer that the letter comes from Defendant Gelfand at his law office located at 560 Broadway, Hicksville, New York. The impression is false, deceptive and misleading as the letter was actually sent by PC.

35. The Defendant Gelfand did not meaningfully review any of the documents concerning the medical services provided to the Plaintiff nor did he review any payment information concerning the medical services, such as prior insurance payments or prior payment made by any person and/or entity whatsoever, nor did he review the letter which was sent in his name to the Plaintiff.

36. The reason why the Defendants sent the subject letter was to dupe consumers into

believing that an attorney was attempting to collect alleged debts thereby implying a new level of seriousness to the alleged debts and otherwise implying that legal action was now possible if payment was not tendered as demanded.

37. A person may violate the FDCPA by furnishing a form knowing that it will be used by a debt collector to deceive consumers.

38. The Defendants knowingly designed, provided and furnished the form collection letter which was sent to the Plaintiff with knowledge that it would deceive the Plaintiff, and other consumers, into believing that the letter came from him, in his capacity as an attorney, and that it was sent by him from his law office when, in fact, the letter was sent by PC.

39. The FCCPA prohibits communication with a debtor under the guise of an attorney or by using the stationary of an attorney or forms or instruments which only attorneys are authorized to be prepare.

40. The Defendants PC communicated with the Plaintiff under the guise of the Defendant Gelfand by using the stationary of the Defendant Gelfand which only the Defendant Gelfand was authorized to prepare.

41. Further proof that the letters described herein were sent by the Defendant PC rests in the fact that the telephone number set forth in said letters is routed to a call center in India which is owned and operated by the Defendant PC. Calls placed to that telephone number are not answered by the Defendant Gelfand nor any other attorney at law but, rather, are answered by non-attorney citizens of the Country of India.

## V. FACTS CONCERNING PLAINTIFF

42. The Plaintiff is alleged to be indebted in the amount of $27.00 (twenty SEVEN dollars) to SDINF for medical services rendered.

43. This alleged obligation is a "debt" as defined in both the FDCPA and the FCCPA.

44. The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by the FDCPA and a "consumer" or "debtor" as defined by the FCCPA.

45. The Plaintiff received a collection letter dated 06/17/13 of the type which is described heretofore herein, i.e. the form collection letter which was sent by the Defendant PC which falsely implies that it was sent by the Defendant Gelfand. A copy of said letter is attached hereto as Exhibit "1".

46. In response to the letter the Plaintiff did provide proof that the debt was not owed and that it had previously been paid in full.

47. Thereafter the Plaintiff received another letter which was sent under the letterhead of SDINF and the Defendant Gelfand. Upon information and belief this letter was also created by the Defendants for the same purposes and effect as was the first letter sent to the Plaintiff. A copy of the second letter, dated 09/19/13, is attached hereto as Exhibit "2".

## VI.  POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to:

a) Design, draft and create collections letters intended to deceive receipients thereof into beleiveing that a third party was participating in the collection of a debt;

b) Send debt collection letters to consumers which contain false, deceptive and misleading statements and;

c) Send debt collection letters under the letterhead and signature of the Defendant Gelfand in order to falsely deceive consumers and other persons into believing that an attorney at law was actively participating in attempts to collect alleged debts when, in fact, no such attorney participation occurred as of the debt said letters were sent.

d) Send debt collection letters under the guise of an attorney and by using the stationary of an attorney which only that attorney was authorized to be prepare.

## VII.  CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. This claim is brought on behalf of two Plaintiff Classes, consisting of the following

classes:

    (a)    all persons, with addresses in the State of New York, who received a collection letter identical in form to the collection letters attached as Exhibit "A" and/or "B" hereto;

    (b)    all persons, with addresses in the State of Florida, who received a collection letter identical in form to the collection letters attached as Exhibit "A" and/or "B" hereto;

51. The identities of all class members are readily ascertainable from the records of the Defendants.

52. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to each of the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants use false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts and otherwise engaged in unfair and deceptive practices.

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes

defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that each of the Plaintiff Classes defined above are so numerous that joinder of all members in each class would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the two Classes and those questions predominate over any questions or issues involving only individual class members.

(i) With respect to the New York class the principal issues are whether the Defendants used false, deceptive and/or misleading debt collections practices during attempts to collect alleged personal debts, including, but not limited to, sending letters which falsely imply that an attorney drafted and sent said letters after engaging in a meaningful review of the files relevant to alleged debts.

(ii) With respect to the Florida class the principal issues are whether the Defendants used false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts, whether the Defendants communicated with members of the class under the guise of an attorney by using the stationary of an attorney or forms or instruments which only attorneys are

-13-

        authorized to use and whether the Defendants engaged in unfair trade acts or practices.

(d) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of each of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(e) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members of each class insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(f) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

57. Certification of each class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of each class predominate over any questions affecting an individual member of each class, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

58. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Prroedure is also appropriate in that the Plaintiff and the Florida class are entitled to injunctive relief for the Defendants violations of the FCCPA and any monetary relief under the FCCPA would be merely indicental to that injunctive relief.

## VIII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

59. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Second Amended Complaint.

60. Defendants violated the FDCPA. Defendants' violations include, but are not limited to:

   a) 15 U.S.C. § 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendants in regard to the attempts to collect alleged personal debts;

   b) 15 U.S.C. § 1692(j)(a) by furnishing form letters knowing that said letters would b used by a debt collector to deceive consumers.

61. The FDCPA violations committed by the Defendants were material in that said violations materially effected a consumers decision and/or ability to pay and/or challenge a debt.

## IX.  SECOND CAUSE OF ACTION
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

62. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Second Amended Complaint.

63. Defendants violated the FCCPA. Defendants' violations include, but are not limited to, willfully communicating with debtors under the guise of an attorney by using the stationary of an attorney or forms or instruments which only attorneys are authorized to use in violation of Fla. Stat. § 559.72(11).

## X.  THIRD CAUSE OF ACTION
**VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(AGAINST ALL DEFENDANTS)**

64. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Second Amended Complaint.

65. Defendants violated the FDUTFA. Defendants' violations include, but are not limited to, willfully drafting and designing collections letters under the guise of an attorney in order to freighten and alarm consumers into paying medical debts and communicating with debtors under the guise of an attorney by using the stationary of an attorney or forms or instruments which only attorneys are authorized to use.

66. The Defendants conduct described herein constitutes unfair acts and practices in

the conduct of the trade and commerce.

## VIII.  PRAYER FOR RELIEF

67. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

A. **For the FIRST CAUSE OF ACTION**:

   (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

   (ii) An award of the maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(B);

   (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

   (iv) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

   (i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Fla. Stat. § 559.77(2) and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

   (ii) An award of the maximum statutory damages for the Plaintiff and the Florida class pursuant to Fla. Stat. § 559.77(2);

   (iii) For an award of equitable releif for the Plaintiff and the Florida class pursuant to

    Fla. Stat. § 559.77(2), including enjoining the Defendants from committing further violations of the Fla. Stat. § 559.72(2) and 559.72(8).

(iv) For a finding that the Defendants violations of Fla. Stat. § 559.72(2) and 559.72(8) were wanton, malicious, gross and outrageous to such an extent that the measured compensation to the Plaintiff and the Florida class should have an additional amount added to it by way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at the time of trial.

(v) Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2);

(vi) For such other and further relief as may be just and proper.

B. **For the THIRD CAUSE OF ACTION**:

(i) An order certifying that the Third Cause of Action may be maintained as a class Rule 23 of the Federal Rules of Civil Procedure and the FDUTPA and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined above.

(ii) An award of the maximum statutory damages for the Plaintiff and the Florida class pursuant to Fla. Stat. § 501.2075;

(iii) An award of the maximum statutory damages pursuant to Fla. Stat. § 501.2077 based upon acts targeting senior citizens and handicapped persons said damages to to be sent to the Legal Affairs Revolving Trust Fund of the Department of Legal Affairs pursuant to subsection "4" therein.

(iv) Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 501.2075;

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   New York, New York
         September 2, 2014

      / s /  *Robert L. Arleo*
ROBERT L. ARLEO, ESQ. (RA-7506)
380 Lexington Avenue, 17th Fl.
New York, New York  10168
Telephone:  (518) 551-1115
Facsimile:   (518) 751-1801

*Attorney for Plaintiff, Maureen L. Maloney,
and all others similarly situated*